TRULINCS 54652509 - PARVIZ, MAHSA - Unit: TAL-C-S

---

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AUG 14 2024

FILED _____
DOCKETED _____
DATE         INITIAL

| | |
|---|---|
| MAHSA PARVIZ,<br>   Petitioner-Appellant,<br><br>v.<br><br>H. BARRON & C. PETERS,<br>   Respondents-Appellees. | C.A. No. 24-4709<br>D.C. No. 2:23-cv-01407-JHC-DWC<br>(Western District of Washington)<br><br>MOTION FOR JUDICIAL NOTICE OF DISTRICT COURT DOCKET UNDER FEDERAL RULE OF EVIDENCE 201 BY APPELLANT MAHSA PARVIZ |

COMES NOW, Petitioner-Appellant MAHSA PARVIZ and files this MOTION respectfully requesting the appellate court take judicial notice, pursuant to FRE 201, of the above-numbered district court docket. Appellant requests this Court take judicial notice of the most recent docket entries which reflect a lack of service on Appellant.

DATED: August 2, 2024

                            Respectfully submitted,

                            _____/s/ Mahsa Parviz_____
                            MAHSA PARVIZ
                            P.O. Box 5000
                            Tallahassee, FL 32314
                            mparviz1117@gmail.com
                            (972) 375-1202

///

///

**CLERK, UNITED STATES DISTRICT COURT**
UNITED STATES COURTHOUSE
1717 PACIFIC AVE, RM 3100
TACOMA, WASHINGTON 98402-3200

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

CN

Mahsa Parviz, 54652509
FCI- TALLAHASSEE
FEDERAL CORRECTIONAL INSTITUTION
501 CAPITAL CIRCLE NE
TALLAHASSEE, FL 32301

FIRST-CLASS



US POSTAGE
ZIP 98402
$ 000.000
JUN 26 2024

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MAHSA PARVIZ,<br><br>　　　　　　　　Petitioner,<br>　v.<br>H. BARRON and C. PETERS,<br><br>　　　　　　　　Respondents. | CASE NO. 2:23-CV-1407-JHC-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: June 7, 2024 |

Petitioner Mahsa Parviz is a federal prisoner who is confined at the Federal Detention Center in SeaTac, Washington ("FDC SeaTac"). Currently pending before the Court is Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241, in which she asserts that the Federal Bureau of Prisons ("BOP") has failed to properly apply First Step Act ("FSA") time credits to her sentence. Dkt. 9; *see also* Dkt. 39 (amended petition). After consideration of the relevant record, the Court concludes Petitioner's Amended Petition (Dkt. 39) should be dismissed and all pending Motions (Dkts. 54, 58) be denied.

REPORT AND RECOMMENDATION - 1

## I. Background

Petitioner's convictions arise from 2019 scheme in which Petitioner used another's name and medical license number to fraudulently obtain a passport for her biological child. *See* Dkt. 42 at 3; *United States of America v. Parviz*, Case No. 2:21-cr-293-SB (C.D. Cal.) at Dkt. 111. Petitioner was found guilty of attempting to commit kidnapping in a Texas state court, and on January 5, 2021, she was sentenced to 500 days in state jail. Dkt. 8 at 7.

On December 16, 2021, a jury sitting in the Central District of California found Petitioner guilty of making a false statement in a passport application and aggravated identify theft. *Parviz*, 2:21-cr-293-SB at Dkt. 69. On July 12, 2022, Petitioner was sentenced to a term of 61-months confinement for the convictions. *Id.* at Dkt. 124. The sentencing court also imposed a three-year term of supervised release to be served upon Petitioner's release from her term of imprisonment. *Id.* Petitioner filed a Notice of Appeal with the Ninth Circuit Court of Appeals after the Amended Judgment was entered. *See id.* at Dkt. 127. The appeal is still pending. *See USA v. Parviz*, Case No. 22-50160 (9th Cir.).

Petitioner entered federal custody and, on August 9, 2022, Petitioner began to accrue FSA credits. *See* Dkt. 43-1 at 2. Petitioner initiated this habeas case on September 8, 2023. Dkt. 1. On February 29, 2024, Petitioner filed an Amended Petition. Dkt. 39. In the Amended Petition, Petitioner alleges the BOP has taken the position that Petitioner is not eligible for earned time credits ("ETC") and has failed to apply her FSA credits to her sentence. Dkt. 39. Petitioner also states that she was not properly given credit for time-served under the Texas sentence and that she is actually innocent. *Id.*

The Court directed service of the Petition on January 9, 2024. Dkt. 16. On February 29, 2024, Petitioner filed the Amended Petition. Dkt. 39. Respondents filed the Response, with

supporting evidence, on March 7, 2024, arguing Petitioner's FSA claim is not ripe and is unexhausted, and Petitioner's claims related to her credit for time-served and her actual innocence are not proper before this Court. Dkts. 42, 43. The Court directed Respondents to file supplemental records related to Petitioner's computation date and FSA credits, Dkt. 59, which Respondents filed on May 16, 2024. Dkt. 60. Petitioner has not filed a traverse. However, on April 8, 2024, Petitioner filed a Motion for a Temporary Restraining Order and, on April 24, 2024, she filed a Motion to Stay. Dkts. 54, 58.

## II.   Miscellaneous Motions (Dks. 54, 58)

On April 8, 2024, Petitioner signed a Motion for a Temporary Restraining Order ("Motion for a TRO"). Dkt. 54. In the Motion for a TRO, Petitioner requests this Court order Respondents to complete a custodial transfer and provide Petitioner with surgery and an opportunity to see her family. *Id.* Petitioner's request for relief in the Motion for a TRO is unrelated to the relief requested in the Amended Petition and does not lie within habeas relief. Further, the Court finds her Amended Petitioner should be dismissed and, therefore, a TRO should not be issued. *See* Sec. III., *infra*. Accordingly, the Court recommends the Motion for a TRO (Dkt. 54) be denied.

Additionally, on April 24, 2024, Petitioner signed a Motion to Stay. Dkt. 58. In the Motion to Stay, Petitioner states that she is being transferred to Tallahassee, Florida. *Id.* She states that her case files have been packed and she cannot prosecute this case until the transport is complete. *Id.* Based on the record, the Court finds the Motion to Stay should be denied. Petitioner initiated this case in September of 2023. Dkt. 1. Respondents filed their Response to the Amended Petition on March 7, 2024. Dkt. 42. Petitioner sought an extension of time to file a traverse, which was granted. Dkts. 46, 48. Mere days before her traverse was due, Petitioner

REPORT AND RECOMMENDATION - 3

again states that she cannot timely respond to the Response now because her legal documents have been packed. Dkt. 58. However, the Court notes Petitioner was able to file the Motion for a TRO during the time to respond to the Response. Moreover, the Court has considered the record and finds that Petitioner has either failed to state a claim or that her claims are not ripe. *See* Sec. III, *infra*. Petitioner has not shown that a second extension of time is necessary or that she can cure the deficiencies in her Amended Petition. Furthermore, the Court declines to allow Petitioner to delay this case indefinitely in an effort to impact the "ripeness" of the case. Accordingly, the Motion to Stay (Dkt. 58) is denied.

**III.   Discussion**

In the Amended Petition, Petitioner appears to allege: (1) the sentencing court did not properly credit her Texas conviction as an "undischarged sentence;" (2) she is actually innocent of the underlying conviction; and (3) the BOP has failed to apply her ETCs under the FSA. Respondent argues the Court should dismiss or deny the Amended Petition for three reasons: (1) Petitioner's first and second grounds for relief are properly filed as a 28 U.S.C. § 2255 petition in the sentencing court; (2) Petitioner's third ground is not ripe; and (3) Petitioner has not exhausted her administrative remedies as to her third ground. Dkt. 42.

A.   *Failure to State a Claim*

Construing Petitioner's Amended Petition broadly, Petitioner alleges that (1) the sentencing court erred in failing to give her credit for time-served for un "undischarged sentence;" and (2) she is actually innocent. Dkt. 39; *see also* Dkt. 9. "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864

REPORT AND RECOMMENDATION - 4

(9th Cir. 2000) (citing *Doganiere v. United States*, 914 F.2d 165, 169–70 (9th Cir.1990); *Brown v. United States,* 610 F.2d 672, 677 (9th Cir.1980). However, under the savings clause of § 2255, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where her remedy under § 2255 is "inadequate or ineffective to test the legality of h[er] detention." 28 U.S.C. § 2255; *see Moore v. Reno,* 185 F.3d 1054, 1055 (9th Cir.1999).

Petitioner's claim of actual innocence is a challenge to the legality of her sentence and must be filed under § 2255. Petitioner's claim related to the failure to credit her for the time-served under her Texas conviction is also a challenge to the legality of her sentence. The record shows the sentencing court considered Petitioner's Texas sentence and found she was "discharged from the terms of imprisonment." *Parviz*, Case No. 2:21-cr-293-SB at Dkt. 148 at 13. The sentencing court also determined it would not be appropriate to give Petitioner credit for the time she served under her Texas sentence. *Id.* at 18. Therefore, the record shows that the sentencing court, not the BOP, determined Petitioner would not be given credit for time-served on her Texas sentence. Accordingly, both Petitioner's first and second grounds for relief contest the legality of her sentence.

Petitioner's appeal of her underlying conviction is still pending in the Ninth Circuit. *See Parviz*, Case No. 22-50160 (9th Cir.). As such, Petitioner fails to show she does not have an adequate or effective remedy under § 2255.

For the above stated reasons, Petitioner's first and second grounds are properly brought under § 2255 in the sentencing court and cannot be raised in the § 2241 petition in this Court. The Court, therefore, recommends Petitioner's first and second ground be dismissed.

REPORT AND RECOMMENDATION - 5

B.  *FSA Time Credits*

In her third ground, Petitioner contends the BOP has not allowed her to earn FSA credits and has not properly applied the earned time credits ("ETC") to her release date. Dkt. 39. Congress enacted the FSA on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. The FSA called for the implementation of a "risk and needs assessment" system to evaluate federal inmates' recidivism risk and included a directive to establish evidence-based recidivism reduction programs. 18 U.S.C. § 3632(a)–(b). The FSA also established various incentives for inmates to participate in its anti-recidivism programming. 18 U.S.C. § 3632(d). One such incentive was the awarding of "time credits" to "be applied toward time in prerelease custody or supervised release" upon eligible prisoners' successful completion of anti-recidivism programming.[1] 18 U.S.C. § 3632(d)(4)(C). Eligible prisoners receive ten days of FSA time credits for every thirty days of anti-recidivism programming they successfully complete. 18 U.S.C. § 3632(d)(4)(A)(i). If the BOP determines that a prisoner is at a "minimum" or "low" risk of recidivating and the prisoner has not increased her risk of recidivism over two consecutive risk assessments, then she earns an additional five days of time credits for every thirty days of successfully completed programming. 18 U.S.C. § 3632(d)(4)(A)(ii).

Where a sentencing court includes as a part of a prisoner's sentence a requirement that the prisoner be placed on a term of supervised release upon release from imprisonment, the FSA limits the amount of time credits that can be applied to early release to supervision to twelve months. 18 U.S.C. § 3624(g)(3).

---

[1] Several classes of prisoners are precluded from earning time credits under the FSA, but Petitioner does not appear to belong to any of them. *See* 18 U.S.C. § 3632(d)(4)(D).

REPORT AND RECOMMENDATION - 6

C. *Ripeness*

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). One component of the Article III case-or-controversy requirement is the concept that a claim must be ripe for review. *Bova v. City of Medford*, 564 F.3d 1093, 1095–96 (9th Cir. 2009). "[R]ipeness addresses *when* litigation may occur." *Lee v. Oregon*, 107 F.3d 1382, 1387 (9th Cir. 1997) (emphasis in original). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation and citation omitted).

Several courts have addressed when claims of improperly denied time credits under the FSA are ripe for review. "Federal courts around the country read Section 3624(g)(1)(A) to mean that the BOP is permitted to apply time credits only once an inmate has earned enough that equal the remainder of her sentence." *Adkins v. Engleman*, 2022 WL 14966123, at *2 (C.D. Cal. Sept. 8, 2022) (internal quotation and citation omitted), *report and recommendation adopted*, 2022 WL 15116425 (C.D. Cal. Oct. 24, 2022); *see also Lallave v. Martinez*, 609 F. Supp. 3d 164, 183 (E.D.N.Y. June 29, 2022) ("[S]ince Petitioner's FSA credits do not equal the remainder of her sentence, it would be inappropriate for the court to direct the BOP to adjudicate the credits at this time."); *Turner v. Heisner*, 2022 WL 2195348 at *3 (D. Ariz. May 16, 2022) ("FSA earned time credits can be applied toward prerelease custody or supervised release only when accumulated credits are equal to the remainder of the prison term."), *report and recommendation adopted*, 2022 WL 2192212 (D. Ariz. June 17, 2022).

Courts have noted that this interpretation "has a common sense basis," as FSA credits earned can be lost due to misconduct. *Adkins*, 2022 WL 14966123, at *2; *see also Milchin v.*

*Warden*, 2022 WL 1658836, at *3 (D. Conn. May 25, 2022) (citing 28 C.F.R. §§ 523.43, 541.3). It has also been observed that "an inmate requesting application of [FSA time credits] before such application would result in his immediate release would be essentially seeking an advisory opinion from the court." *Patrick v. Heckard*, 2024 WL 770631, at *4 (S.D.W.Va. Jan. 26, 2024) (internal quotation and citation omitted), *report and recommendation adopted*, 2024 WL 767179 (S.D.W.Va. Feb. 22, 2024).

The record shows Petitioner has earned 200 days of FSA credits. Dkt. 60-1. However, Petitioner is not eligible to have the ETCs applied to her release date until she qualifies under the recidivism risk assessment. *See* 18 U.S.C. § 3624(g)(1). At this time, Petitioner's recidivism risk level is high and she, therefore, cannot have FSA credits applied to her release date. *See* Dkt. 60-1.[2] Importantly, Petitioner does not challenge the recidivism risk assessments, and even if Petitioner's recidivism risk level was low, her projected release date with her current ETCs would be June of 2025, still more than a year away. *See* Dkts. 39, 60.[3] Petitioner's current projected release date is January 3, 2026. Dkt. 60-2.

Because her earliest possible release date is still far in the future and she has not obtained a low risk of recidivism, Petitioner is not yet entitled to have FSA time credits applied to her sentence. Therefore, this Court concludes Petitioner's FSA claim is not ripe for adjudication. As the Court finds Petitioner's third ground is not ripe for adjudication, the Court declines to consider the other arguments raised by Respondent related to this ground.

---

[2] The Court notes Petitioner's recidivism risk level has been high or medium for each risk assessment. Dkt. 60-1. Petitioner has not challenged the recidivism assessment or her recidivism level. *See* Dkt. 39.

[3] Because Petitioner is required to serve a term of supervised release she may have, at most, 12 months of time credits applied toward early release to supervision. Even assuming Petitioner was able to accrue the statutory maximum number of credits that may be applied to her sentence, *i.e.*, 365 days, and her recidivism risk level was low, it appears her earliest release date would be January of 2025, more than six months away.

## IV. Conclusion

For the above-stated reasons, the Motion to Stay (Dkt. 58) is denied and the Court recommends that Petitioner's Motion for a TRO (Dkt. 54) be denied and Petitioner's Amended Petition (Dkt. 39) and this action be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on June 7, 2024, as noted in the caption.

Dated this 17th day of May, 2024.

David W. Christel
United States Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MAHSA PARVIZ,<br><br>　　　　Petitioner,<br>　v.<br>H. BARRON and C. PETERS,<br><br>　　　　Respondents. | CASE NO. 2:23-CV-1407-JHC-DWC<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

The Court, having reviewed the Report and Recommendation of Magistrate Judge David W. Christel, objections to the Report and Recommendation, if any, and the remaining record, does hereby find and ORDER:

(1)　The Court adopts the Report and Recommendation.

(2)　Petitioner's federal habeas Petition is dismissed.

(3)　The Clerk is directed to send copies of this Order to Petitioner, counsel for Respondent, and to the Hon. David W. Christel.

**DATED** this ___ day of [Pick the date].

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　JOHN H. CHUN
　　　　　　　　　　　　　　　　　　　　United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

# United States District Court
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAHSA PARVIZ,

    Petitioner,

v.

H. BARRON and C. PETERS,

    Respondents.

**JUDGMENT IN A CIVIL CASE**

Case No.  2:23-CV-1407-JHC-DWC

___  **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

_X_  **Decision by Court**. This action came to consideration before the Court. The issues have been considered and a decision has been rendered.

THE COURT HAS ORDERED THAT:

The Report and Recommendation is adopted and approved. The claims in the Amended Petition either fail to state a claim under 28 U.S.C. § 2241 or are not ripe for adjudication. This case this therefore DISMISSED.

Dated this _____ day of Pick date..

                                          RAVI SUBRAMANIAN
                                          Clerk

                                          Deputy Clerk

**CLERK, UNITED STATES DISTRICT COURT**
UNITED STATES COURTHOUSE
700 STEWART STREET, SUITE 2310
SEATTLE, WA 98101

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

Mahsa Parviz
54652509
FCI- TALLAHASSEE
FEDERAL CORRECTIONAL INSTITUTION
501 CAPITAL CIRCLE NE
TALLAHASSEE, FL 32301



FIRST-CLASS

ZIP 98101
02 7H
00006038079

US POSTAGE (PITNEY BOWES)
$ 000.64⁰
JUN 07 2024

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAHSA PARVIZ,

            Petitioner,

v.

H. BARRON and C. PETERS,

            Respondents.

CASE NO. 2:23-CV-1407-JHC-DWC

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court, having reviewed the Report and Recommendation of Magistrate Judge David W. Christel (R&R), and the remaining record, does hereby ORDER:

(1) There is no objection to the R&R. The Court agrees with the analysis and conclusions in the R&R. Thus, the Court adopts the R&R.

(2) Petitioner's federal habeas Petition is dismissed.

(3) The Clerk is directed to send copies of this Order to Petitioner, counsel for Respondent, and to the Hon. David W. Christel.

**DATED** this 7th day of June, 2024.

*John H. Chun*
JOHN H. CHUN
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

# United States District Court
### WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

MAHSA PARVIZ,

        Petitioner,

v.

H. BARRON and C. PETERS,

        Respondents.

**JUDGMENT IN A CIVIL CASE**

Case No. 2:23-CV-1407-JHC-DWC

___   **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

**X**   **Decision by Court.** This action came to consideration before the Court. The issues have been considered and a decision has been rendered.

THE COURT HAS ORDERED THAT:

The Report and Recommendation is adopted and approved. The claims in the Amended Petition either fail to state a claim under 28 U.S.C. § 2241 or are not ripe for adjudication. This case this therefore DISMISSED.

Dated this 7th day of June, 2024.

                                          RAVI SUBRAMANIAN
                                          Clerk


                                          */s/Ashleigh Drecktrah*
                                          Deputy Clerk

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: TAL-C-S

FROM: 54652509
TO: Clerk (9th Cir. COA)
SUBJECT: 24-4709
DATE: 08/02/2024 10:03:45 AM

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AUG 14 2024

FILED _____
DOCKETED _____
DATE    INITIAL

Dear Clerk,

Please file the enclosed Motion for Judicial Notice in C.A. No. 24-4709.

Respectfully submitted,

[signature]

MAHSA PARVIZ
c/o FCI Tallahassee #54652509
P.O. Box 5000
Tallahassee, FL 32314