IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAHSA PARVIZ,<br><br>    Appellant,<br><br>           v.<br><br>HOWARD C. BARRON, Warden, Federal Detention Center SeaTac, COLETTE S. PETERS, Director, Bureau of Prisons,<br><br>    Appellees. | C.A. No. 24-4709<br><br>D.C. No. 2:23-CV-01407-JHC<br>Western District of<br>Washington, Seattle |

**OPPOSITION TO MOTION FOR CUSTODIAL TRANSFER**

Appellant Mahsa Parviz has appealed the district court's order dismissing the claims in her amended petition for writ of habeas corpus for failing to state a claim under 28 U.S.C. § 2241 and because they are not ripe for adjudication. Before the opening brief is due, Parviz has filed an emergency motion for custodial transfer under Fed. R. App. P. 23(b), requesting that she be transferred from the Federal Correctional Institution in Tallahassee, Florida, to a residential reentry center in Los

Angeles, California. Decisions regarding placement and transfers of inmates within the Bureau of Prisons are solely within the discretion of that agency, however, and not within the authority of this Court. Moreover, Parviz has failed to demonstrate that this is an extraordinary case that warrants release pending appeal. For these reasons, Respondents request that the motion be denied.

## BACKGROUND

Parviz is a federal prisoner confined at the Federal Correctional Institution in Tallahassee, Florida, with an anticipated release date of January 3, 2026. CV 42, 43.[1] She is serving a 61-month term of imprisonment imposed in the Central District of California for her scheme to fraudulently obtain a passport for her biological child—for whom she has no parental rights—to facilitate kidnapping and taking the child overseas to a non-extradition country. CR 111, 121.[2] Parviz has filed a direct appeal of her criminal conviction, which is pending with this Court under case number 22-50160.

---

[1] "CV" refers, by docket entry, to the district court clerk's docket.
[2] "CR" refers, by docket entry, to the district court clerk's docket in Parviz's underlying criminal matter, *United States v. Parviz*, No. 2:21-cr-00293-SB (C.D. Cal. filed June 22, 2021).

Proceeding *pro se*, Parviz filed a petition for writ of habeas corpus asserting (1) the sentencing court did not properly credit an earlier conviction in the State of Texas as an "undischarged sentence" under the Sentencing Guidelines, (2) she is actually innocent of the underlying conviction, and (3) the Bureau of Prisons incorrectly determined that she is ineligible to earn First Step Act earned time credits. CV 9, 39. In May 2024, after briefing on Parviz's amended petition was complete, a magistrate judge issued a report and recommendation recommending that the first two claims be dismissed because they were not cognizable in a 28 U.S.C. § 2241 petition and that the third claim be dismissed as not ripe for adjudication. CV 61. In June 2024, the district court adopted the analysis and conclusions in the report and recommendation and dismissed the petition. CV 66.

After Parviz noticed an appeal, CV 71, this Court issued a docketing notice noting that the filing fee remained due and that failure to correct this deficiency within 14 days would result in dismissal of the case. When the filing fee was not paid, the Court issued an order staying the briefing schedule and requiring Parviz to pay the filing fee or file a motion to proceed in forma pauperis. Parviz paid the filing fee,

3

and this Court issued an order setting a new briefing schedule on the appeal and extending the date for Appellants to respond to the motion for custodial transfer to October 16, 2024.

Though Parviz has styled her request as an "emergency motion," her filing does not demonstrate that she requires relief within 21 days to avoid irreparable harm or that she has complied with the requirements for filing such a motion, as provided in Ninth Circuit Rule 27-3.

## ARGUMENT

Fed. R. App. 23(b) provides that "[w]hile a decision not to release a prisoner is under review, . . . the court of appeals . . . may order that the prisoner be: (1) detained in the custody from which release is sought; (2) detained in other appropriate custody; or (3) released on personal recognizance, with or without surety."

As a preliminary matter, decisions about placement of a prisoner within the Bureau of Prisons is a matter left solely to the discretion of that agency. The Bureau of Prison's placement decisions are not subject to judicial review, and this Court does not have authority to order Parviz's transfer between facilities while she remains in custody. *Reeb*

4

*v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011); *see also* 18 U.S.C. 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."). Rule 23(b) does not authorize this Court to direct the Bureau of Prisons to maintain custody over Parviz but transfer her from a secure facility to a halfway house as she requests.

Nor can Parviz be released from custody. Release pending appeal of the denial of a petition for writ of habeas corpus is "reserved . . . for extraordinary cases." *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1995) (internal quotation marks and citation omitted). To obtain release pending appeal, the appellant must show a high probability of success on the merits and "exceptional circumstances that go beyond what would be required to justify [her] release if this were a direct appeal rather than a [] collateral attack." *United States v. Dade*, 959 F.3d 1136, 1138 (9th Cir. 2020).

Parviz cannot make either of these showings. First, she is unlikely to succeed on the merits of her appeal, as the district court's decision to dismiss her petition rests primarily on long-settled principles of law regarding jurisdiction and justiciability of claims brought under

5

28 U.S.C. § 2241. Second, Parviz has not shown that there are exceptional circumstances that would warrant her release into the community pending appeal. In fact, Parviz has already been denied bail in her direct appeal. *United States v. Parviz*, No. 22-50160, 65 (filed Mar. 1, 2024). Parviz has provided no new information that meets the even higher bar for release pending appeal on a collateral attack, and her motion should be denied.

In the alternative, the Court may deny Parviz's request for failure to seek release pending appeal from the district court before filing in this court.³ As this Court has noted, although the text of Rule 23(b) does not require that appellant file first in the district court, "the equitable principles that govern such discretionary requests generally require that an applicant start by making the request to the court or judge who rendered the decision under review." *United States v. Dade*, 959 F.3d 1136, 1138 n.2 (9th Cir. 2020) (quoting 16AA CHARLES WRIGHT, ARTHUR

---

³ Parviz sought the same "custodial transfer" in the district court in March 2024, but her motion was properly denied because there was no pending appeal at the time. CV 48. Parviz did not renew her request in the district court after she filed the pending appeal.

6

Miller, Edward Cooper, & Catherine Struve, Federal Practice and Procedure § 3969 (4th ed. 2008)).

## CONCLUSION

For the reasons stated herein, this Court should deny Parviz's emergency motion for custodial transfer.

October 7, 2024

                                            Respectfully submitted,

                                            TESSA M. GORMAN
                                            United States Attorney
                                            Western District of Washington

                                            */s/ Lyndsie R. Schmalz*
                                            Lyndsie R. Schmalz
                                            Assistant United States Attorney
                                            700 Stewart Street, Suite 5220
                                            Seattle, Washington 98101
                                            Telephone: (206) 553-2687